IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>LIGHTING AND SUPPLIES, INC.<br><br>Defendant. | C.A. No. CV-19-4417 (LDH) |

**[PROPOSED] PROTECTIVE ORDER**

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1.  Findings.  The Court finds that the parties to the above-captioned cases may request or produce information involving trade secrets or confidential research, development, or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2.  Definitions.

    a.  "Party" means a named party in at least one of the above-captioned cases. "Person" means an individual or an entity, whether a Party, third party, or non-party. "Producer" means a person who produces information via the discovery process in these cases. "Recipient" means a person who receives information via the discovery process in these cases.

    b.  "Highly Confidential" information is any non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted

by law or could, in the good faith opinion of the producer, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

    c. "Highly Confidential-Subject to Prosecution Bar" information is Highly Confidential information that is proprietary technical information, the disclosure of which during patent acquisition or prosecution activities would create a risk of serious injury to the business or competitive interests of the producer.

    d. "Protected Information" is information that is Highly Confidential or Highly Confidential—Subject to Prosecution Bar.

  3. <u>Designation of Protected Information</u>.

    a. A person designates information in a document or thing as Highly Confidential by clearly and prominently marking it on its face as "HIGHLY CONFIDENTIAL." A person designates information in a document or thing as Highly Confidential-Subject to Prosecution Bar by marking on its face "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR."

    b. Where documents are produced in native electronic format, they shall be designated for protection under this Order through any method that will reasonably inform individuals that the files contain Protected Information, including, without limitation, by appending "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" to the file names of the documents, as appropriate. When electronic files containing Protected Information are printed for use at deposition or in a court proceeding, the party printing the electronic files shall clearly and prominently affix the appropriate legend to them.

  4. <u>Use and Disclosure of Protected Information</u>.

      a.    Use of any information or documents labeled "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" and subject to this Order, including all information derived therefrom, shall be restricted solely to the litigation of the above-captioned cases and shall not be used by any party for any business, commercial, or competitive purpose. This Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by a recipient through means or sources outside of these litigations. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of these litigations.

      b.    Absent written permission from the producer or further order by the Court, the recipient may not disclose Protected Information to any person other than the following:

    i.    any party's outside counsel of record and, to the extent reasonably necessary to render professional services in these actions, counsel's administrative staff or support personnel;

    ii.    counsel of record at Blackbird Tech LLC d/b/a Blackbird Technologies, and, to the extent reasonably necessary to render professional services in these actions, counsel's administrative staff or support personnel;

    iii.    a stenographer and videographer recording testimony concerning the information;

    iv.    subject to the provisions of Paragraph 4.c of this Order, experts and consultants and their staff whom a party employs for purposes of these litigations only;

      v.      the Court and personnel assisting the Court, including stenographic reporters and law clerk, paralegal, secretarial, clerical, and other lay court personnel;

      vi.      non-party professional litigation support vendors under a duty of confidentiality specifically retained to assist counsel for these litigations (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, jury consulting, etc.);

      vii.      any mediator who is assigned to hear these matters, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

      viii.      any person who is reasonably identified as previously having had lawful or authorized access to, or the right to have lawful or authorized access to, the information, which identification is made by the sworn testimony of another or unambiguously appears on the face of a document; or

      ix.      any witness designated to testify pursuant to Federal Rule of Civil Procedure 30(b)(6) by the producer, provided that the document reasonably relates to the subject matter on which that witness is designated to testify.

    c.    A party may not disclose Protected Information to an expert or consultant pursuant to Paragraph 4.b.iv of this Order until after the expert or consultant has signed an undertaking in the form of Exhibit A to this Order.  At least five business days before the first

disclosure of Protected Information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with (i) a written identification of the expert or consultant, (ii) a copy of his or her curriculum vitae, (iii) a disclosure of any previous or current relationship with any party to these actions, (iv) a disclosure (by name and number of the case and location of the court) any litigation in connection with which the expert or consultant has provided any professional services during the preceding four years, and (v) a disclosure of all the companies that the expert or consultant has consulted for or been employed by within the last four years.  If an expert or consultant is unable or unwilling to provide the information described in parts (iv) and (v), the expert or consultant and party must disclose that information has been withheld and participate in good faith conferrals regarding the nature and technology involved in the withheld disclosures so that the producer is able to ascertain any potential confidentiality concerns.  If the producer has good cause to object to the disclosure of its Protected Information to the expert or consultant, it must serve the party proposing to make the disclosure with a written objection within five business days after service of the identification.  For the avoidance of doubt, objection to the qualifications of the expert or consultant does not constitute good cause.  The parties must meet and confer, within the meaning of the local rules, within five business days after service of the written objection.  To the extent the parties do not resolve the dispute, the producer must move the Court promptly, and no later than ten business days after service of its written objection, for a ruling on its objection.  If the producer does not move the Court within ten business days after service of its written objection, the party proposing to make the disclosure may produce Protected Information to the identified expert or consultant.  If the producer does move the Court for a ruling on its objection within ten business days after service of its written objection, Protected Information may not be disclosed to

the expert or consultant until the Court rules on the objection.

        d.     A party who wishes to disclose Protected Information to a person not otherwise authorized under this Order to see that information must first make a reasonable attempt to obtain the producer's permission.  If the party is unable to obtain permission, it may move the Court to obtain permission.

     5.     <u>Unauthorized Disclosure</u>.  In the event of any disclosure of Protected Information other than in a manner authorized by this Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producer from seeking further relief from the Court.

     6.     <u>Depositions</u>.  All depositions or portions of depositions taken in this action that contain Protected Information may be designated "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" in their entirety or in part and thereby obtain the protections accorded other such documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within five days of receipt of the final transcript.  Unless otherwise designated on the record, depositions shall be treated as "HIGHLY CONFIDENTIAL" until five days after receipt of the final transcript.  Party representatives may attend the deposition of any witness in this matter.  Any person whose Protected Information may be revealed during the deposition may request that any such party representatives be excused from those portions of the deposition.  A person can only

request exclusion of a party representative when the person believes in good faith that the relevant testimony will contain a party or person's Protected Information.  Party representatives may not be excluded from the entirety of any given deposition on the basis of a blanket confidentiality designation.

       7.    <u>Inadvertent Failure To Designate</u>.  A producer's failure to designate a document, thing, or testimony does not constitute forfeiture of a claim of confidentiality.  With respect to documents and things, the producer shall immediately, upon discovery that the document[s] and/or thing[s] are not designated HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR, notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality designation.  The restrictions set forth in Paragraph 11 (Prosecution Bar) shall not be triggered by review of a document, thing, or testimony later designated as "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" to the extent the document, thing, or testimony was not so designated at the time of review.

       8.    <u>Changing Designations</u>.  Any party may request a change in the designation of any information.  Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" in the action may be affected.  The party asserting that the material is Protected Information shall have the burden of proving that the designation is proper.  In addition, a person who has designated information as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" may withdraw the

designation by written notification to all Parties.  The restrictions set forth in Paragraph 11 (Prosecution Bar) shall not be triggered by review of a document, thing, or testimony later designated as "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR," to the extent the document, thing, or testimony was not so designated at the time of review.

9. <u>Inadvertent Disclosure of Attorney Client Privileged Information or Work Product.</u>  Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

10. <u>Filing Under Seal.</u>  The Parties shall file under seal any portions of briefs, memoranda, and other pleadings filed with the Court, and/or move to seal court transcripts that contain Protected Information, and shall ask the Court to exclude from hearings or other proceedings any person not entitled under this Order to receive Protected Information whenever such information is to be discussed.  To the extent a document must be publicly filed with Protected Information redacted from it, it shall be the responsibility of the party whose Protected Information is to be redacted to prepare the redacted version of the document for filing.

11. <u>Prosecution Bar.</u>  Any attorney or agent who reviews materials designated as "HIGHLY CONFIDENTIAL—SUBJECT TO PROSECUTION BAR" by any party other than his or her client shall not thereafter prosecute, supervise, or materially assist in the prosecution of any patent application, or otherwise in the amendment of any application and/or patent, related to the subject matter of the asserted patent during the pendency of this case and for one year after the conclusion of this litigation, which is defined as entry of final judgment in all above-captioned cases.  "Prosecution" as used in this paragraph does not include participation in post-grant proceedings, including, without limitation, *inter partes* review, provided, however, that no

individual subject to the restrictions of this paragraph shall participate, in any way, in the crafting of or advising on new or amended claims.

12. <u>Party's Own Information.</u> Nothing in this Order shall limit any producer's use of its own documents or shall prevent any producer from disclosing its own information to any person. Such disclosures shall not affect any designation made pursuant to the terms of this Order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

13. <u>Post-filing Privilege Log.</u> No party shall be required to identify on its privilege log any document or communication related to these litigations dated on or after the filing of the first above-captioned case that, absent this provision, the party would have been obligated to so identify on its privilege log. The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents.

14. <u>Non-party Use.</u> A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as HIGHLY CONFIDENTIAL pursuant to the terms of this Order.

15. <u>Document Disposal.</u> Within sixty days after the conclusion of these litigations, including the exhaustion of any appeals, each party must destroy or return to the producer all documents and copies of documents containing the producer's Protected Information. Upon the written request of the producer, the party returning and/or destroying the producer's Protected Information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, transcripts, legal memoranda, correspondence, briefs (including all supporting and opposing papers and exhibits and

declarations thereto), written discovery requests and responses, exhibits offered or introduced into evidence at trial, or work product, all remaining subject to all requirements of this Order, and a party and its counsel are not required to delete information that may reside on their respective electronic back-up systems that are overwritten in the normal course of business.

16. <u>Notice and Waiver.</u>  Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by counsel of record for the party against whom such waiver will be effective.

17. <u>Additional Relief.</u>  Nothing herein shall prevent a party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional protective orders.

18. <u>Effective Immediately.</u>  This Order shall become effective as a stipulation between the Parties immediately upon filing, notwithstanding the pendency of approval by the Court, and the Parties shall treat any Protected Information produced before Court approval as provided herein.

19. <u>Survival of Obligations.</u>  This Order's obligations regarding Protected Information survive the conclusion of these cases.

20. <u>Jurisdiction.</u>  The Court shall retain jurisdiction regarding all future disputes relating to this Order.

Dated:  November 20, 2019

| STAMOULIS & WEINBLATT LLC | OSTROLENK FABER LLP |
|---|---|
| /s/Stamatios Stamoulis | /s/Max Moskowitz |
| Stamatios Stamoulis | Max Moskowitz |
| stamoulis@swdelaw.com | mmoskowitz@ostrolenk.com |
| Richard C. Weinblatt | 1180 Avenue of the Americas |
| weinblatt@swdelaw.com | New York , NY 10036 |
| 800 N. West Street, Third Floor | Telephone:  (212) 382-0700 |
| Wilmington, DE 19801 | |
| Telephone: (302) 999-1540 | |
| | *Attorneys for Defendant* |
| OF COUNSEL: | Lighting and Supplies, Inc. |

Wendy Verlander
wverlander@blackbird-tech.com
Jeffrey Ahdoot
jahdoot@blackbird-tech.com
Blackbird Technologies
200 Baker Avenue, Suite 303
Concord, MA 01742
617.307.7100

*Attorneys for Plaintiff*
Blackbird Tech LLC d/b/a
Blackbird Technologies


SO ORDERED this ___ day of _____, 2019.


                                            _____
                                            UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>        Plaintiff,<br><br>    v.<br><br>LIGHTING AND SUPPLIES, INC.<br><br>        Defendant. | C.A. No. CV-19-4417 (LDH) |

**CONFIDENTIALITY UNDERTAKING OF [Insert name]**

I, [insert person's name], state the following under penalties of perjury as provided by law:

I have been retained by [insert party's name] as an expert or consultant in connection with these cases. I will be receiving Protected Information that is covered by the Court's Protective Order dated [fill in date]. I have read the Court's Protective Order and understand its terms, including that the Protected Information is provided pursuant to the terms and conditions in that Order.

I agree to be bound by the Court's Protective Order. I agree to use the Protected Information solely for purposes of these cases and not for any other purpose. I understand that neither the Protected Information nor any notes, communications, documents, or other materials reflecting that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the Protected Information and any notes, communications, documents, or other materials concerning that information to the attorney for

[insert name of retaining party] or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____
(signature)

_____
(date)